IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**WYNN'S EXTENDED CARE, INC.**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO.** 5:25-cv-101-KS-BWR

**LAWRENCE SCREWS**     **DEFENDANT**

## COMPLAINT

COMES NOW the Wynn's Extended Care, Inc. ("Wynn's"), by and through its attorneys, and files this it's Complaint against Defendant Lawrence Screws, pursuant to 9 U.S.C. § 4, and in support thereof would show unto the Court the following, to-wit:

1. Wynn's Extended Care, Inc., is a California corporation with its principal place of business in Florida. Phoenix American Holdings, Inc., owns 100% of Wynn's Extended Care, Inc. Neither Wynn's Extended Care, Inc., nor Phoenix American Holdings, Inc., is owned by a publicly traded company.  Phoenix American Holdings, Inc., is a Florida corporation with its principal place of business in Florida.

2. Lawrence Screws ("Defendant") is an adult resident citizen of Adams County, Mississippi.

3. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, based upon the underlying claims.  *See, e.g., Credit Acceptance Corporation v. Moses*, 2012 WL 12887033 (S.D. Miss. Dec. 19, 2012); *Credit Acceptance Corporation v. Fortenberry*, 2012 WL 3095296 (S.D. Miss. July 30, 2012).  This Court also has jurisdiction over this action as the underlying transactions arose through interstate commerce.  This Court is further

authorized to hear this matter pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), which allows a party seeking arbitration to file suit in federal district court. *See, e.g., Harmon v. American Heritage Life Ins. Co.*, 147 F. Supp. 2d 511 (N.D. Miss. 2001).

4. Pursuant to 18 U.S. C. § 1391(a), venue is proper in the Southern District of Mississippi, Western Division, because a substantial part of the events giving rise to this action occurred in the Southern District of Mississippi, Western Division and/or Defendant resides in the Western Division.

5. In conjunction with his purchase of a used 2015 Chevrolet Cruze (VIN 1G1PE5SB7F7146819) (the "Vehicle"), purchased a Vehicle Service Contract (VSC) with Wynn's on April 19, 2024. A true and correct copy of the VSC is attached hereto and incorporated herein as Exhibit "A".

6. The VSC provides in part:

**DISPUTE RESOLUTION**
**1. ARBITRATION.**

. . .

If a dispute between **You** and **Us** arises under the **Contract** which cannot be resolved amicably by **You** and **Us** through reasonable cooperation, upon election of either Party, any and all unresolved claims, counterclaims, disputes or controversies of any nature whatsoever (whether in tort, contract or otherwise) and including statutory law) including any and all so called consumer fraud and protection statutes), common law, fraud (whether based on misrepresentation or omission) or other intentional tort, property or equitable claims arising out of, relating to, under or in connection with this **Contract** (or the dissemination, display, offer, purchase or sale thereof), or the validity, scope, interpretation and enforcement of any provision of this **Contract** (Dispute), shall be settled exclusively through confidential binding arbitration in accordance with the provisions hereunder and the then in effect Expedited Procedures of either (i) the American Arbitration Association's (AAA) Commercial Arbitration Rules (the AAA Rules) or (ii) the JAMS Comprehensive Arbitration Rules (the JAMS Rules), as elected by whoever first files the action, unless **You** and **Us** agree otherwise in a writing signed by both. The arbitration shall be conducted before one (1) arbitrator selected in accordance with either the AAA Rules or the JAMS Rules.

      a.      **Governing Law; Venue; Decision**. The arbitration provisions in this **Contract** shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (the FAA) and not by any state arbitration law, and it is expressly agreed that this **Contract** evidences a transaction in interstate commerce.

*See* Exhibit "A" at 5.

7.      Nothwithstanding the Aribtration Clause, Defendant filed a suit against Wynn's Extended Care, Inc., and Credit Acceptance and That's My Ride Auto, LLC, on August 13, 2025, in the Circuit Court of Adams County, Mississippi, Civil Action No. 25-60 (the "Lawsuit"). A true and correct copy of his Complaint is attached hereto and incorporated here as Exhibit "B". Defendant alleged that he purchased the Vehicle from That's My Ride in April 2024. Defendant contended that shortly after he purchased the Vehicle, it "stopped and That's My Ride "refused" to make any repair to it "despite a service contract being in effect on the vehicle." The Complaint asserts claims for breach of contract, fraud and gross negligence. Plaintiff demanded actual damages of $250,000 and punitive damages of $500,000.

8.      Defendant is bound by the Arbitration Clause in the VSC.

9.      The Arbitration Clause is applicable to the claims asserted by Defendant in the Lawsuit. Inasmuch as Wynn's has elected to resolve the Lawsuit through arbitration, Defendant must arbitrate the claims he has asserted in the Lawsuit. Wynn's agrees to participate in arbitration in accordance with the terms of the Arbitration Clause.

10.      The Arbitration Clause is expressly applicable to disputes, like those Defendant asserted in the Lawsuit. Wynn's hereby seeks enforcement of the terms of the Arbitration Clause and requests an order compelling arbitration and staying the Lawsuit. Wynn's is prepared to arbitrate any claims it may have against the Defendant relating to the underlying transaction and the VSC in accordance with the terms of the Arbitration Clause.

11. The Arbitration Clause is governed by the FAA. As noted in the Arbitration Clause, the VSC "evidences a transaction in interstate commerce." *See* 9 U.S.C. § 2. Pursuant to the FAA, the Arbitration Clause is valid and must be enforced.

12. All issues raised in the Lawsuit relate directly to the use, purchase, condition and/or financing of the Vehicle and the VSC. The allegations and claims asserted in the Lawsuit are encompassed within the scope of the Arbitration Clause.

13. By filing this action, Wynn's hereby asserts its demand for arbitration in accordance with the provisions called for under the Arbitration Clause.

14. As a result of Wynn's election to arbitrate, Defendant is barred from pursuing the Lawsuit and can now only pursue his claims against Wynn's through arbitration.

15. Pursuant to 9 U.S.C. § 4, Wynn's requests that this Court issue an Order: (a) directing Defendant to proceed with arbitration if he seeks to pursue the Lawsuit or any claims against Wynn's; (b) staying and enjoining Defendant from proceeding with the Lawsuit pending arbitration; and/or (c) directing Defendant to withdraw the Lawsuit and take no further action outside of arbitration with regard to disputes arising under the Arbitration Clause.

WHEREFORE, PREMISES CONSIDERED, Wynn's prays for judgment as follows:

1. Compelling Defendant:

    (a) To bring all claims he intends to assert through arbitration as required pursuant to the terms of the Arbitration Clause;

    (b) Withdraw the Lawsuit; and

    (c) To take no further action outside of arbitration with regard to any claims or controversies covered by the Arbitration Clause.

2. Alternatively, staying the Lawsuit pending arbitration.

3.      Staying this proceeding pending the completion of arbitration.

4.      Granting such other and further relief as the Court may find just and equitable.

DATED:  October 1, 2025.

Respectfully submitted,

**WYNN'S EXTENDED CARE, INC.**

By:    */s/ Mark C. Carlson*
         Mark C. Carlson (MSB #5871)

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
600 Concourse, Suite 200
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
601.856.7200 F+601.856.7626
mcarlson@cctb.com
*Attorney for Wynn's Extended Care, Inc.*

## CERTIFICATE OF SERVICE

I, Mark C. Carlson, certify that on October 1, 2025, caused the foregoing document to be filed using the Court's ECF system, which sent electronic notification of such filing to the following:

> C.E. Sorey, II, Esq.
> Attorney at Law
> 5324 Suffolk Drive
> Jakcson, Mississippi 39211
> eddysorey@gmail.com
> COUNSEL FOR PLAINTIFF

>> */s/ Mark C. Carlson*
>> Mark C. Carlson