IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

LAWRENCE SCREWS                                                                  PLAINTIFF

VS.                                         Civil Action NO: 25-60

THAT'S MY RIDE AUTO, LLC,
CREDIT ACCEPTANCE CORPORATION,
WYNN'S EXTENDED CARE, INC.                          DEFENDANTS

## COMPLAINT

### NATURE OF ACTION

1. The Plaintiff Lawrence Screws brings this action against the Defendants for breach of contract, fraud, and gross negligence sustained in the City of Natchez, Adams County, Mississippi.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case, and venue is proper in Adams County, according to Mississippi Code Annotated Section 11-11-3.

### PARTIES

3. The Plaintiff is a natural person and a citizen of Natchez, Adams County, Mississippi.
4. The Defendant, That's My Ride Auto, L.L.C., is a Mississippi Limited Liability Company (hereinafter referred to as Ride). Defendant Credit Acceptance Corporation is a Minnesota Corporation (hereinafter referred to as "Credit"). Wynn's Extended Care, Inc., is a California Corporation (hereinafter referred to as Wynn).

### FACTS

EXHIBIT B

5. On or about April 19th, 2024, Plaintiff needed a good used car to travel to Atlanta to visit his daughter, who was in the hospital with cervical cancer. Late in the afternoon of April 19th, 2024, the Plaintiff contacted Stanley Searcy at That's My Ride Auto, LLC. Mr. Searcy recommended a 2015 Chevy Cruze to Mr. Screws and told him the Chevy was in very good condition, had new tires, and would be suitable for a trip to Atlanta.

6. Because Plaintiff needed to go to Atlanta as soon as possible, he agreed to take Mr. Searcy's word on the automobile. After obtaining insurance for the automobile, Plaintiff returned to the lot. While he was gone, Ms. Searcy prepared all the papers he had to sign. Because Mr. Screws left his reading glasses at home, Ms. Searcy had to show him where to sign.

7. Ms. Searcy presented the following to Plaintiff to sign without reading him the documents:

   A) A retail installment contract. The retail contract contained a charge of $1,967.00 for the cost of an extended service contract, which Plaintiff had not requested. The contract also included a charge of $1,138.00 for GAP protection, which was not requested by Mr. Screws.

   B) An arbitration agreement waiving class action status. The assignees of the retail contract agreed to pay to the American Arbitration Association a fee of $2,500.00, unless applicable law or the rules of the AAA required them to pay more. The Plaintiff advised the Defendants to pay the fee that has not been paid to date.

   C) A bill of sale indicating that after his $1,000.00 down payment, he owed $ 12,246.45.

   D) An application for a title.

   E) A document that stated the defendant owed nothing, and the Plaintiff owed all monies to Credit Acceptance.

   F) A document from Credit Acceptance advising Plaintiff that he had a retail contract with Credit Acceptance for $335.87 per month, a Vehicle Service Contract, and a contract for Guaranteed Asset Protection, which indicates the automobile was not worth the purchase price.

   G) A Power of Attorney from Lawrence A. Screws to Brenda A. Searcy of That's My Ride Auto, LLC, which allowed Brenda A. Searcy and That's

    My Ride Auto, LLC, to transfer title on the 2015 Chevy Cruze that Mr. Screws was purchasing from them in case of default.

8. After signing all the papers at the dealership, the Plaintiff headed home with the automobile. After approximately 10 minutes, the car started running hot and stopped. At that time, he called Mr. Searcy, and Mr. Searcy came and picked up the car. The next day, Searcy returned it, and the leak was repaired on April 20th, 2024. Screws parked the car in his carport. The morning of the 21st, Screws walked out to his carport and found puddles of oil under his vehicle. Mr. Screws again called Searcy, who arrived and took the car for repairs. After 3 or 4 days, Screws called Searcy to inquire about repairs to the Vehicle. Searcy said it took so long because he noticed a bad tire and replaced it with a used tire. Searcy returned the vehicle to Mr. Screws' home. The following day, Mr. Screws found more oil under his engine. When he called, Mr. Searcy said it was just residue from their working on the engine. Mr. Screws disputed that conclusion because there was too much oil. Searcy then refused to perform any further repairs on the auto, despite a service contract being in effect on the vehicle.

9. After the refusal to make any more repairs, Mr. Screws advised Mr. Searcy that he no longer wanted the vehicle, asked for his $1,000.00 down payment back, and returned the vehicle to the lot.

10. After he returned the automobile to "Ride's" lot, the Plaintiff called "Credit" to advise them what had happened and advised them not to send the money for the financing of the car because he was not going to purchase the automobile. "Credit" did not follow Screws' instruction and advanced the money.

## CAUSE OF ACTION

11. The Plaintiff adopts by reference and realleges every allegation outlined in paragraphs 1 through 10 of this Complaint with the same force and effect as set forth under this cause of action.

12. Apparently, "Ride" used the fraudulent Power of Attorney, Ms. Searcy got Plaintiff to sign at the closing, to transfer the title to "Credit" to dispose of the Vehicle purchased by Mr. Screws.

13. "Credit" took the Chevy Cruze to Copart Baton Rouge, 21595 Greenwell Springs, Louisiana, to dispose of the car.
    A. Allegedly, the car sold for $2,600.00.
    B. "Credit," advised Mr. Screws that he owed a deficiency of $ 7,193.51.
    C. "Credit," Stated that on May 22nd, 2024, Screws' obligation was $ 11,406.59.
    D. "Credit," advised Screws, that his obligation after the illegal disposition of his vehicle was $ 8,806.59.
    E. "Credit" advised Screws that the expenses of disposing of the vehicle were $ 215.00.
    F. "Credit" advised Screws the total amount of credits to his account, which includes any payments received from rebates of interest or Service Contracts, or GAP insurance, was $1,828.08
    G. "Credit," then advised Mr. Screws to call their toll-free number to make arrangements to pay off his deficiency.
14. The defendants, through their lawful agent, That's My Ride Auto, LLC, have committed fraud against Mr. Screws in the following manner:
    A. By advising Mr. Screws that the Chevy Cruze was in very good condition with new tires, to travel to Atlanta.
    B. By adding GAP Insurance to the contract with Mr. Screws because the defendants knew the Chevy Cruze was not worth the selling price, without telling Mr. Screws.
    C. By adding a Service Contract to the Contract with Mr. Screws without his knowledge, and then not using it to repair Mr. Screws' Vehicle.
    D. By using the Power of Attorney, obtained by Ms. Searcy fraudulently, to dispose of the Chevy Cruze after Mr. Screws returned the vehicle.
    E. By failing to advise Mr. Screws of the process to dispose of the Chevy Cruze.
    F. By enabling the purchase of the Chevy Cruze by Mr. Screws, which, through design, was set up for him to default.
    G. By advancing funds when "Credit" knew fraud had been perpetrated by "Ride".

15. The Plaintiff has suffered mental anguish and sleepless nights worrying about the outcome of the demand for payment of the deficiency demand from" Credit." The Plaintiff is entitled to compensatory damages and Punitive damages for the charges of fraud on the part of the defendants.
16. Plaintiff was in the process of buying his rental home when the fraud occurred, which lowered his credit score so much he could not complete the purchase.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and, upon a final hearing, judgment be rendered in favor of this Plaintiff, for Two Hundred and Fifty Thousand Dollars in compensatory damages, and $500,000 in punitive damages, plus pre-judgment and post-judgment interest and all costs of court.
   **PLAINTIFF DEMANDS TRIAL BY JURY**

**LAWRENCE SCREWS**

*C. E. Sorey*
C. E. Sorey, II
MS. Bar No: 7692
5324 Suffolk Drive
Jackson, MS. 39211
601-341-6929 (Phone)
eddysorey@gmail.com
Attorney for Plaintiff